NOT DESIGNATED FOR PUBLICATION

No. 117,379

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GERALD RAYMOND AVERY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; MARK S. BRAUN, judge. Opinion filed April 27, 2018. Affirmed.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, assistant solicitor general, Kristafer R. Aislieger, deputy solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., BUSER AND GARDNER, JJ.

PER CURIAM: Gerald Raymond Avery appeals his criminal conviction, arguing that the district court erred by limiting his attorney's closing argument. Finding no error, we affirm.

*Factual background*

We briefly summarize the underlying facts, as they are not crucial to our resolution of this appeal. In March 2016, Topeka police stopped a driver for driving with

a suspended license. As the car pulled over, officers saw three backseat passengers not wearing seatbelts. One officer saw a backseat passenger, Gerald Raymond Avery, make a movement toward the floorboard. Officers approached the parked car and attempted to identify Avery, but he gave a false name and false birthdate. Police searched Avery and found a paystub in his front pocket along with an empty holster on his belt. During the stop, an officer saw a gun on the floorboard through the rearview window. The driver consented to a search of the car, and officers found a black firearm under the seat in front of Avery. The gun—a Taurus Slim .40 caliber—fit the holster found on Avery.

Avery was charged with felony possession of a firearm and failure to wear a seatbelt. Avery's theory of defense at trial was that the State had not met its burden of proof against him. In closing argument, defense counsel stated: "I ask that you correctly apply the concepts of [] reasonable doubt and the presumption of innocence. Some of those things—it's kind of a graduated proof beyond a reasonable doubt." The State objected to the statement, arguing that it was improper for defense counsel to attempt to define the reasonable-doubt standard. Defense counsel explained that he wished to draw a chart on the chalkboard for the jury showing a graduated scale of various burdens of proof: "Guilt is highly unlikely; it's less than unlikely; probably not; possibly not; suspected; perhaps; probably guilty; strong belief; guilty beyond a reasonable doubt." The court sustained the State's objection, finding it inappropriate to comment about, and to attempt to define the term "beyond a reasonable doubt," and barred counsel from drawing his desired chart.

A jury convicted Avery of both charges. Avery timely appeals.

*Did the district court err by restricting defense counsel's closing argument?*

Avery claims that the district court violated his constitutional right to present his theory of defense by limiting defense counsel's closing argument regarding the State's burden of proof.

Although we typically review a district court's limitation on closing argument under an abuse of discretion standard, *State v. McLinn*, 307 Kan. 307, 332, 409 P.3d 1 (2018), we review de novo a limitation on a defendant's constitutional right to present a defense. *State v. Carter*, 284 Kan. 312, 318-19, 160 P.3d 457 (2007). Avery contends the latter standard applies.

The Due Process Clause of the Fourteenth Amendment to the United States Constitution requires that a criminal defendant have a meaningful opportunity to present a complete defense. See, e.g., *State v. Brown*, 291 Kan. 646, Syl. ¶ 7, 244 P.3d 267 (2011); *State v. Jones*, 47 Kan. App. 2d 512, 519, 276 P.3d 804 (2012). The Due Process Clause also protects an accused from criminal conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970). Juries must always be instructed to apply this standard when determining the guilt or innocence of a criminal defendant. *Victor v. Nebraska*, 511 U.S. 1, 5, 114 S. Ct. 1239, 127 L. Ed. 2d 583 (1994). But a criminal defendant is not entitled to define proof beyond a reasonable doubt: "[T]he Constitution neither prohibits trial courts from *defining* reasonable doubt nor requires them to do so as a matter of course." (Emphasis added.) *Victor*, 511 U.S. at 5.

The jury here was instructed that the State was required to prove Avery's crimes beyond a reasonable doubt. Avery's theory of defense was that the State had not satisfied its burden of proof—proof beyond a reasonable doubt. Defense counsel focused on the

3

fact that officers had not tested the gun for DNA evidence and on discrepancies in officers' testimony. And although the court restricted defense counsel from using a chart to show a graduated scale of various burdens of proof, defense counsel was able to fully develop Avery's defense throughout trial and in its closing argument.

Avery was not deprived of a meaningful opportunity to present a complete defense simply because his attorney was precluded from showing the jury a chart that he believed represented the graduated scale of various burdens of proof. The district court never excluded any defense evidence and the limitation it did impose did not hinder Avery's presentation of evidence in any way. See, e.g., *State v. Wells*, 289 Kan. 1219, 1235, 221 P.3d 561 (2009) (finding that, generally, a limitation on a theory of defense involves the exclusion of evidence that is an integral part of the defense theory); *State v. Walters*, 284 Kan. 1, 8, 159 P.3d 174 (2007) (same). Instead, defense counsel was able to comprehensively argue that the State failed to meet its burden of proof based on a lack of evidence. Thus, the district court did not violate Avery's constitutional right to present his theory of defense.

Rather than restrict Avery's right to present a defense, the district court exercised its discretion by limiting defense counsel's closing argument—a decision that this court reviews only for an abuse of discretion. See *McLinn*, 307 Kan. at 332; *State v. Francis*, 282 Kan. 120, 143, 145 P.3d 48 (2006). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the district court; (2) the action is based on an error of law; or (3) the action is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

The trial court's decision was consistent with Kansas caselaw. Kansas courts have long adhered to the position that "[n]o definition or explanation can make any clearer what is meant by the phrase 'reasonable doubt' than that which is imparted by the words themselves." *State v. Wilson*, 281 Kan. 277, Syl. ¶ 4, 130 P.3d 48 (2006); see *State v.*

4

*Jackson*, 37 Kan. App. 2d 744, Syl. ¶ 3, 157 P.3d 660 (2007). Our Supreme Court has explained that "'[e]fforts to define reasonable doubt, other than as provided in PIK Crim. 3d 52.02, usually lead to a hopeless thicket of redundant phrases and legalese, which tends to obfuscate rather than assist the jury in the discharge of its duty.'" *State v. Walker*, 276 Kan. 939, 956, 80 P.3d 1132 (2003).

A reasonable person could decide that allowing defense counsel to draw a chart demonstrating the proposed graduated scale of burdens of proof would confuse the jury. No claim is made that the court's decision was based on an error of fact or law. Thus, the trial court's ruling was not an abuse of discretion.

Affirmed.